EUGENE ZELLENKOFF, RESPONDENT, *v.* JOHN COLLINS
AND OTHERS, APPELLANTS.

*Injunction—when a party will be restrained from taking a letter from the post-office—when additional papers may be used to sustain the order.*

The complaint alleged that in pursuance of a conspiracy between the defendants, two of them had, by fraudulent representations, procured from the plaintiff, in Belgium, $17,000, and transmitted the same by the mail in registered letters, addressed to the other defendants in Brooklyn and New York; that these letters, with their contents, were at the post-office in Brooklyn and New York, and that the defendants, who were irresponsible, had made demands upon the post-masters therefor.

*Held,* that an injunction, restraining the defendants from demanding or receiving any of the said registered letters, was properly granted.

The complaint and the affidavit upon which the order was made were verified by the Belgian consul in New York, and all of the allegations thereof were upon information and belief. Upon the hearing of a motion to vacate the injunction, which was made upon the original papers only, the plaintiff was allowed to read depositions taken in Belgium, they being the sources from which the consul had derived his information and formed his belief as to the facts set forth in the complaint and affidavit.

*Held,* no error.

APPEAL from an order, made at Special Term, continuing a preliminary injunction granted herein.

The complaint, which was made upon information and belief, alleged that the defendants had conspired and combined together to defraud the plaintiff out of large sums of money, and that in pursuance of such conspiracy two of them had fraudulently obtained from him some $17,000 in Belgium, which they had mailed in several registered letters addressed to the other defendants; that the letters had not yet been delivered, but were still in the custody of the post-office authorities in New York and Brooklyn; that the letters had been demanded by defendants and must soon be delivered to them, unless prevented, in which case the conspiracy will have been consummated; and, as defendants are irresponsible, the plaintiff finally prevented from recovering his property. Upon this complaint, together with an affidavit made upon information and belief, rehearsing the story of the fraud, the

court below granted plaintiff's prayer for an order enjoining defendants from demanding or receiving any of said registered letters.

A motion was made to vacate the injunction upon the papers on which it was granted. On this motion the plaintiff read certain depositions taken in Belgium, which were the sources of the information upon which the verification of the complaint and the affidavit was made.

*Roger A. Pryor*, for the appellants. All the allegations of the complaint being on information and belief, and the facts stated being necessarily hearsay, the complaint is insufficient to support the injunction. (*Crocker* v. *Baker*, 3 Abb. Pr., 182; *Ramsey* v. *Railroad Co.*, 7 Abb. Pr., N. S., 156, 186; *Bank* v. *Skinner*, 9 Paige, 305; *Bostwick* v. *Eton*, 25 How. Pr., 362; *Waddell* v. *Bruen*, 4 Edw. Ch., 698; *Barnard* v. *Kobbe*, 54 N. Y., 516, 520, 521; *Rateau* v. *Bernard*, 12 How. Pr., 464; *Pomeroy* v. *Hindmarch*, 5 Id., 437; *Pidgeon* v. *Oatman*, 3 Robt., 706; *Jewett* v. *Allen*, 3 How. Pr., 129; *Yates* v. *North*, 44 N. Y., 274; *People* v. *Common Council*, 77 Id., 511.) It was error in the court to permit plaintiff to introduce additional evidence in support of the injunction. (Code Civ. Pro., § 627; *Yates* v. *North*, 44 N. Y., 274; *Childs* v. *Fox*, 18 Abb. Pr., 112; *Powell* v. *Clark*, 5 Id., 70; *Blachford* v. *Railroad Co.*, 7 Id., 322.) It is entirely obvious on the face of the complaint, that the plaintiff has an adequate remedy by an action at law for damages; and when that is the case an injunction never issues. (*Balcom* v. *Julien*, 22 Hun, 349; *Savage* v. *Allen*, 54 N. Y., 458; *Gallatin* v. *Bank*, 16 How. Pr., 252, 255; *Agate* v. *Lowenbein*, 4 Daly, 62; *Murray* v. *Knapp*, 62 Barb., 566; *Thompson* v. *Matthews*, 2 Edw. Ch., 273; *Mallett* v. *Bank*, 1 Barb., 217, and cases *supra;* Hilliard on Injunctions, p. 39, § 74; p. 281, § 3; Jeremy Equity, b. 3, ch. 2, § 1; Adams Equity, ch. 6, m. p. 207; 2 Story Eq., § 928, *et seq.; Blake* v. *Brooklyn*, 26 Barb., 301; *West Point* v. *Reymert*, 45 N. Y., 705, and cases *supra*.) An allegation of the insolvency of the defendants is insufficient to authorize injunctive relief. (*Murray* v. *Knapp*, 62 Barb., 566; *Burch* v. *Kavanagh*, 12 Abb. Pr., N. S., 411; *Neple* v. *Reese*, 19 Id., 240; *Pomeroy* v. *White*, 5 How. Pr., 437.) The post-

office is a branch of the executive department of the Federal Government. (1 Kent Comm., m. p. 271, note 1 ; U. S. Const., art. 1 § 8 ; 3 Story Const., ch. 18, p. 22, et seq. ; Ex parte Jackson, 6 Otto, 732 ; Teal v. Felton, 1 N. Y., 537 ; 12 How. U. S., 288 ; U. S. Stat. at L., §§ 3890, 3891, 3892, 3936, 3938.) The post-office being a department of the Federal executive, and its operations regulated exclusively by Federal authority, it results that the State judiciary is incompetent either to intercept the receipt of a letter from the United States mail by the person to whom it is directed, or to compel its delivery to another. (McCullough v. Maryland, 4 Wheat., 316 ; Weston v. Charleston, 2 Pet., 449 ; Dobbins v. Commissioners, 16 Id., 435 ; Collector v. Day, 11 Wall., 113 ; Sturgis v. Crowinnsheild, 4 Wheat., 193 ; Railroad Co. v. Husen, 5 Otto, 465, 471 ; Marshall, Ch. J., in Gibbons v. Ogden, 9 Wheat., 190 ; Nat. Bank v. Com., 9 Wall., 353, 362 ; Marshall, Ch. J., 4 Wheat., 332 ; 2 Pet., 466 ; Chase, Ch. J., in State v. Johnson, 4 Wall., 500 ; Rawle on Const., 103 ; Brown v. Maryland, 12 Wheat., 419 ; Welton v. State, 1 Otto, 275 ; Henderson v. Mayor, 2 Id., 259 ; Railroad Co. v. Husen, 5 Id., 465 ; Chy Lung v. Freeman, 2 Id., 275 ; Case of State Freight Tax, 15 Wall., 232 ; Ward v. Maryland, 12 Id., 418 ; Fry v. State, 30 Am. R., 238, 247.)

Paul Fuller, for the respondent.

Barnard, P. J. :

The injunction order does not enjoin the officers of the government. It operates only upon the party enjoined. The postmaster is left free to deliver letters, but a party who has been deprived of property may reclaim it, and if it be in a letter addressed to one who cannot, as against the sender, rightly take it, he may be enjoined from receiving it until it can be determined which is entitled to the property in the letter. In the case presented the defendants have acquired by fraud large sums of money from the plaintiff. These sums are inclosed in letters registered and addressed to defendants, or some of them, and sent through the post-office and not yet delivered. The defendants are of no pecuniary

responsibility. There is a clear case for equitable interference by injunction ; without it the plaintiff will be cheated out of property not yet delivered.

It was competent for the judge to permit the reading of the deposition of E. Zellenkoff and others, taken in Belgium, upon the motion to vacate the injunction. The complaint was wholly upon information and belief, and verified by the Belgian consul. There is no denial made by the defendants or either of them. The motion to vacate was made upon the papers only upon which the injunction was granted. In furtherance of justice it was proper to read the sources of information upon which the counsel formed his belief, that the complaint was true.

Order affirmed, with costs and disbursements.

Gilbert and Dykman, JJ., concurred.

Order continuing injunction affirmed, with costs and disbursements.